WATKINS, Judge.
Joseph R. Bourque was terminated from his employment with the Louisiana Department of Transportation and Development (DOTD) for dumping a load of shell on the property of a landowner in violation of DOTD rules. He appealed to the State Civil Service Commission, which heard the matter through a referee, and affirmed the dismissal. Bourque properly perfected an appeal to this court. We affirm the dismissal.
The facts generally are uncontested. Bo-urque, while employed by the DOTD as a maintenance man and janitor, picked up a load of shell belonging to the DOTD in a DOTD dump truck, drove the load of shell onto the property of one Donald J. Deville near Opelousas, and dumped the shell. The incident happened on December 10, 1982. Some two years earlier, the DOTD had widened a ditch bordering the highway in front of Deville’s property. Bourque, who was then employed by the DOTD as a dump truck driver, persuaded Deville to permit the fill in the form of earth to be dumped deep within Deville’s land. To dump the fill, DOTD’s truck traversed a private road on Deville’s land, and, unfortunately, caused deep ruts to be formed in the road. Deville complained to Bourque, who offered to dump a load of DOTD shell to fill in the ruts. Bourque claims his supervisor at the time, Walter J. Devillier, gave his consent to dump the shell. However, nothing happened for two years. By that time, Devillier had retired as supervisor, and Bourque was under a new supervisor, Joe Bertrand. It was while Bertrand was supervisor that Bourque dumped the load of shell without Bertrand’s authorization and in violation of DOTD rules.
It was agreed by both the appointing authority and Bourque that the hearing of the Civil Service Commission would be supplemented by securing the deposition of the former supervisor, Devillier. The deposition is not in the record, nor does the record afford any explanation of why the deposition was not filed. Both the DOTD and Bourque blame each other for failure of the record to include the deposition, if it was ever indeed taken.
In general, Bourque’s sole defense is that he dumped the shell on Deville’s property to remove the ruts created by the *830 DOTD’s tracks some two years earlier, and with the consent of his former supervisor, Devillier. It appears clear that DOTD rales forbade dumping DOTD shell on private property, the sole exceptions, if they be so called, being along shoulders and at driveway entrances, and that DOTD rules further forbade anyone other than a dump truck operator to operate a dump truck belonging to the DOTD. Indeed, Bo-urque’s main defense is that he claims he did not know he was doing anything wrong.
Although under Article X, Section 8 of the La. Const, of 1974, the appointing authority bears the burden of proof in a disciplinary action before a Civil Service Commission, it is clear that the appointing authority, the DOTD, has borne the burden, as Bourque virtually concedes he violated DOTD rules. Bourque’s motives, and whether or not he acted with the consent of his former supervisor, Devillier, allegedly given some two years before the shell was in fact dumped, are irrelevant. Any consent that Devillier may have given had lost authority by the passage of time, Devillier’s retirement, the appointment of a new supervisor, and Bourque’s change of job. Even if ignorance of DOTD rules were an excuse, it appears any DOTD employee should know he was not to drive a dump truck when he was not employed to do so, pick up shell belonging to the DOTD, and in effect give DOTD property to a private individual. In fact, Bourque did not pick up the shell until the supervisor, Bertrand, had gone home for the day. Thus, even if intent were an element, it appears the facts indicate Bourque knew he was acting wrongfully. The receiving of the deposition of Devillier would not change the picture, as any authorization that Devillier may have given Bourque we find had expired.
The action of the State Civil Service Com- , mission is affirmed, at appellant’s cost.
AFFIRMED.